## ARNOLD STONE CO., Inc., v. FEDERAL TRADE COMMISSION.

### No. 6139.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1931.

F. C. Hillyer, of Jacksonville, Fla., for petitioner.

Robt. E. Healy, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Federal Trade Commission, and Robert H. Winn, Sp. Atty., Federal Trade Commission, all of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition to set aside an order of the Federal Trade Commission. The Arnold Stone Company, petitioner, is and for a number of years has been engaged in the business of manufacturing building materials composed of about 75 per cent. crushed natural stone, such as granite or marble, and about 25 per cent. Portland cement. These materials are cast in molds or forms, and after the mixture hardens it is subjected to various surface treatments by hand or machinery. They are not kept in stock, but are made to order according to specifications for use in the construction of buildings. The principal product so manufactured is designated by petitioner in its advertisements, bids, and contracts as "cast stone" or "cut cast stone." Other products it designates by the terms "Kre-tex stone," "Kre-tex cast stone," and "pink marble." The commission

filed its complaint against petitioner alleging that the terms it employed to describe its various products were misleading and deceptive, and that the practice of using each of them constituted an unfair method of competition within the intent and meaning of section 5 of the Act of September 26, 1914, 15 USCA § 45. It was shown by undisputed evidence that petitioner's principal product was called and known as "cast stone" or "cut cast stone" by architects, contractors, builders, building-material men, chemical engineers, scientists, by several branches of the government, including the Treasury Department, the Bureau of Standards, and by manufacturers of similar products throughout the country. And the commission in its findings of fact said that there was no evidence of actual deception; that petitioner's products were usually purchased by architects, contractors, and builders, who testified they were not deceived, and that "possibility of deception in such instances is remote"; but that the use of the word "stone" or "marble" in describing petitioner's products "has the capacity and tendency to mislead, deceive or confuse the purchasing public, and particularly such secondary purchasers of completed buildings, or lessees of completed buildings or parts thereof, in which buildings respondent's products have been used." The commission also found that "Kre-tex" was a meaningless word taken from the two words "concrete" and "texture." Upon these findings of fact the commission ordered petitioner to cease and desist from use of the words theretofore used by it to designate its manufactured products unless and until it qualified those words by prefixing the additional word "imitation," "artificial," or some other word equally explanatory.

There was no testimony which tended to show that the words "pink marble" or "Kre-tex stone" deceived anybody. Certainly, according to all the testimony and the commission's finding of fact, none of the words employed by petitioner to describe any of its manufactured products or materials had the effect of misleading or deceiving architects, contractors, or builders who were the only classes of persons to whom petitioner sold or offered to sell any of such products or materials. It was made equally clear by undisputed evidence that petitioner's competitors used the words "cast stone" and "cut cast stone" to describe similar products and materials manufactured and sold by them. The sum and substance of all the evidence was that the words "cast stone" were under-

stood by petitioner's prospective customers and by its competitors to mean just such a product as petitioner manufactured and sold. None of them understood that by the use of these words it was intended to describe stone in its natural state. In the building trade, in which it is exclusively used, cast stone has come to mean a genuine manufactured article composed of crushed natural stone and cement; and to qualify it by the word "imitation" or "artificial," as required by the Commission's order, would convey the meaning that it was not a genuine manufactured article. But to sustain the commission's order reliance is had on its finding that a purchaser or lessee of a completed building, in the construction of which petitioner's products had been used, might be misled or deceived. That finding or inference is not supported by any testimony, and at best is founded upon a very remote possibility for the occurrence of which it is difficult to conceive that petitioner would be responsible. The commission is authorized to act only in the public interest, and to justify it in filing a complaint that public interest must be specific and substantial. Federal Trade Commission v. Klesner, 280 U. S. 19, 28, 50 S. Ct. 1, 74 L. Ed. 138, 68 A. L. R. 838. The remote possibility or fanciful theory of private injury is not enough to authorize the commission to issue an order to cease and desist from a business practice which cannot reasonably be said to constitute an unfair method of competition.

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.